# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OSCAR MEDINA, on behalf of himself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOAUTO, LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *ET SEQ*.]<br><br>2. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *ET SEQ*.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Oscar Medina brings this class action complaint and demand for jury trial against Defendant GoAuto, LLC ("Defendant" or "GoAuto") to stop its practices of making unauthorized and unwanted text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant GoAuto is a provider of car insurance to consumers in Louisiana and Nevada.

2. In order to increase its revenue, Defendant sends unauthorized automated text message advertisements to thousands of consumers' cellular telephones.

3. Defendant takes steps necessary to physically place such text message calls using an automated telephone dialing system and/or are so involved in placing the texts as to be deemed to have initiated them.

4. Defendant does not obtain the required consent from such consumers to make such text message calls and, therefore repeatedly violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. The TCPA was enacted to protect consumers from unauthorized calls, exactly like those alleged in this case. Defendant makes these text message calls despite the fact that neither Plaintiff nor the other members of a putative class of consumers (defined below) provides Defendant with their prior express written consent to receive such text messages.

6. As a result, Plaintiff, on behalf of himself and the putative class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff is a natural person who is domiciled in the State of Louisiana.

8. Defendant GoAuto, LLC is a Louisiana-based for-profit corporation and conducts business in Louisiana.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

11. In an effort to solicit consumers, Defendant sent (or directed to be sent on its behalf) unsolicited text messages, without consent, to cellular telephones while using automatic telephone dialing equipment having the capacity to store and dial telephone numbers, *en masse*. As a result, Defendant has repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

12. Given the relatively low cost associated with sending bulk text messages, many marketers have turned to disseminating advertisements or promotions through mass text message campaigns.

13. Seeking to encourage customers to renew their insurance contracts, and, in turn, pay GoAuto money, Defendants engaged in this especially invasive form of advertising.

14. Defendants sent unauthorized text messages to the phones of thousands of consumers.

15. The nature of the text messages sent by Defendants indicates that it used an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by

Defendants has the capacity to store, produce, and dial random and sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendants' automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

16. In fact, the promotional text message calls alleged herein were exclusively made by Defendant and not by any consumer. Defendant made, or had made on its behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers.

17. While Defendant sent these unauthorized text messages to consumers to market its services, it never obtained recipients' express consent to do so.

18. Through its conduct, Defendant caused consumers actual harm by sending unauthorized text message calls at issue. Plaintiff and members of the Class were not only subjected to the aggravation that necessarily accompanies the receipt of unauthorized text messages, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text messages.

19. Moreover, Plaintiff and members of the Class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Defendants' unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment,

the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

## CLASS ACTION ALLEGATIONS

20. **Class Definition:** Plaintiff Oscar Medina brings this action on behalf of himself and a class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Defendant, or someone on Defendant's behalf, called in connection with Defendant's text message advertising campaign.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

21. **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Upon information and belief, Defendant sends text message advertisements to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendants' records.

22. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant sent text messages to Class Members using an ATDS, as contemplated by the TCPA;

(c) Whether Defendant systematically sent text message advertising calls to Class Members who did not previously provide it with prior express written consent to receive such text message calls;

(d) Whether Defendant sent text message advertising calls to Class Members where those messages did not include opt-out instructions;

(e) Whether Plaintiff and Class Members are entitled to treble damages based on the willfulness of Defendant's conduct.

23. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

24. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's

conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

25. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices applies to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

26. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227, *et seq.* – Telephone Consumer Protection Act)
### (on behalf of Plaintiff and the Class)

27.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

28.     In an effort to solicit consumers and to increase its profits, Defendant sent unauthorized and unwanted text message advertising calls to Plaintiff and the class's cellular telephones without their prior express written consent.

29.     Defendant sent the text message advertisements to Plaintiff and the class's cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse*.

30.     Defendant utilized equipment that sent the text message advertisements to Plaintiff and other members of the putative class simultaneously and without human intervention.

31.     Defendant took steps to physically place such text message calls and/or was so involved in placing the calls as to be deemed to have initiated them.

32.     By sending the text message advertisements to Plaintiff and members of the class's cellular telephones without prior express written consent and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(I)(A)(iii).

33.     By failing to provide an automated, interactive voice- and/or key press-activated opt-out mechanism for Plaintiff and class to make a do-not-call request, Defendant also violated 47 U.S.C. § 64.1200(b)(3).

34. As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative class suffered actual damages and have also had their rights to privacy adversely impacted. Plaintiff and the class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

35. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative class.

36. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Oscar Medina, individually and on behalf of the class, prays for the following relief:

(a) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(3), appointing Plaintiff Oscar Medina as class Representative and her attorneys as class counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) A declaratory judgment that the telephone calling equipment utilized by Defendant constitutes an automated telephone dialing system under the TCPA;

9

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the classes;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and

(h) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

Respectfully submitted:

*/s/ William H. Beaumont*

_____
Roberto Luis Costales
William H. Beaumont
Jonathan M. Kirkland
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, Louisiana 70119
Telephone: (504) 534-5005
Attorneys for Plaintiff